JENS PEDERSON, PETITIONER-DEFENDANT, v. EAST COAST SHIPYARD CORP., RESPONDENT-PROSECUTOR.

Submitted October 7, 1947—Decided May 10, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the rule, *James J. Skeffington.*

*Contra, Noah Lichtenberg* and *Patrick F. McDevitt.*

The opinion of the court was delivered by

DONGES, J. This is an application for a writ of *certiorari* to review a judgment of the Workmen's Compensation Bureau awarding the petitioner-defendant compensation for injuries allegedly arising out of and in the course of his employment by the prosecutor. No appeal was taken within time to the Court of Common Pleas and the contention of the prosecutor is that the failure to take the statutory appeal was due to inadvertence and not to any fault upon its part.

The statute, *R. S.* 34:15–66, provides, "Either party may appeal from the judgment of the commissioner, deputy commissioner, or referee, to the court of common pleas of the county in which the accident occurred, by filing with the secretary of the bureau, and with the clerk of the county where the accident occurred, a notice of appeal. Such notice shall be filed within thirty days after the judgment has been rendered and shall briefly describe the judgment and state the intention of the party to appeal therefrom." -

In the instant case the trial before the deputy commissioner was completed on April 10th, 1947, and at the conclu-

sion of the hearing the deputy commissioner announced his determination in the presence of counsel for the parties as follows: "I find, in view of the testimony, that the petitioner's temporary disability [there being no definite day—he said just before Christmas] extended to November 30th, 1944, or a period of eleven weeks, at twenty dollars, $220. I find that the permanent disability is twenty-five per cent. of total, 125 weeks at $20, $2,500." He then made provision for allowance of medical bills, counsel fees and stenographic fees.

Under date of April 16th, 1947, the court stenographer who had attended the hearing wrote a letter to the attorneys for the parties setting forth the above quoted portion of the determination. This was written in compliance with the statutory provision, *R. S.* 34:15–58, that "The official conducting the hearing shall, within fifteen days after the rendering of the judgment, mail to each of the parties a statement of the substance of the judgment." This letter seems to constitute a full compliance with the statute and to give the parties all the notice they were entitled to receive of the outcome of the case. Admittedly this letter was received at the office of the insurance carrier of the prosecutor, which was also the office of the attorney of record, and was there dealt with in the usual course of business.

After discovery of the fact that formal judgment had been entered new counsel was retained to take an appeal to the Common Pleas. Such appeal was taken but was voluntarily dismissed upon discovery that it was out of time.

The formal determination of facts and rule for judgment was filed in the Workmen's Compensation Bureau on May 6th, 1947. It was testified on the depositions taken on the rule to show cause that the practice was that a copy of this rule for judgment be sent to counsel for each party and the secretary of the deputy commissioner testified that, as far as she knew, the usual practice was followed in this case although she had no particular recollection of it. It was testified that no copy of this rule was received by the attorney for the prosecutor and it is suggested that perhaps a copy went to the attorney for the petitioner-defendant and another to his counsel, but counsel states he received no copy other than the

one forwarded by the attorney of record. The position of prosecutor seems to be that, not having received a copy of the formal award, the statutory provision respecting appeal should not be a bar to a review by *certiorari*.

We are of the opinion that the prosecutor has not presented a case calling for the issuance of the writ of *certiorari* where the statutory right of appeal was not pursued. Although the court has the discretionary power to allow the writ, it is the established and general practice that a writ does not ordinarily go where an appeal lies. *Rahway* v. *Cleary,* 10 *N. J. Mis. R.* 545; *Licker* v. *J. G. Marlin Box Co.,* 127 *N. J. L.* 136. In the latter case it was said, "But in the main the practice of issuing a writ, notwithstanding the provision for statutory appeal, is the same with respect to the Compensation Bureau as with respect to other statutory tribunals, namely, that the allowance is granted only where some jurisdictional question is involved." Citing *Degenring* v. *Kimble,* 115 *Id.* 379. There is no jurisdictional question involved in the present case. The prosecutor had notice of the determination reached by the deputy commissioner and there is no statutory requirement that notice of the filing of the formal determination be given. In *Fischman* v. *Joseph Fish & Co.,* 121 *Id.* 3, Mr. Justice Parker, dealing with the effect of the filing of a judgment in the Compensation Bureau, said: "It is elemental that in the case of ordinary judgments at common law the parties concerned are bound to take notice of them as soon as they become a matter of record, and I apprehend that such is the situation here."

We see no reason for departure from the general rule that where an appeal is given as a matter of right it must be pursued before resort to the extraordinary remedy of the discretionary writ of *certiorari*. The rule to show cause is discharged, with costs.